**Application of Peter ZIMMER.**
**Patent Appeal No. 7876.**

United States Court of Customs and Patent Appeals.

Jan. 11, 1968.

Wenderoth, Lind & Ponack, John E. Lind, Washington, D.C., for appellant.

Joseph Schimmel, Washington, D.C., (Fred W. Sherling, Washington, D.C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Judges, and WILLIAM H. KIRKPATRICK.[*]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claims 7 and 8[1] as "unpatentable over" Zimmer[2] under 35 U.S.C. § 102 and "unpatentable over" Courtney[3] under 35 U.S.C. § 103.

The invention relates to a process and apparatus for screen printing thick textile material, such as carpeting. The process involves applying pressure through a stencil screen placed over the material to be printed shortly before a doctor roller applies printing dye through the image areas of the screen. According to appellant, the purpose of the pressure application is to deaerate the textile material, thereby improving the penetration of the dye. Appellant's apparatus employs a second roller—termed a "pressure roller" and placed just in front of the doctor roller—to apply the pressure, as reflected in claim 8:

8. Device for the printing of textiles of great thickness such as carpets comprising a screen stencil to be placed on the material to be treated, a color doctor movable above said

---

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] Appearing in Serial No. 298,189, filed July 29, 1963.

[2] British patent No. 743,850, January 25, 1956.

[3] Australian patent No. 135,057. November 3, 1949.

screen stencil for the application of a dye to said material and a pressure roller to deaerate the material to be treated moving jointly with and parallel to said doctor thus rolling before said doctor and said dye on said screen stencil, whereby the treated material is deaerated along its entire breadth prior to applying the dye.

The examiner noted that both Courtney and Zimmer disclose apparatus for screen printing of textiles which employs two rollers for appying ink through the stencil. He thought it apparent that the front or leading roller of the double roller arrangement of either reference "would inherently act as a pressure roller to deaerate a portion of the material to be treated" while the back or trailing roller acts as a doctor roller to apply the dye. The examiner also observed that Zimmer, like appellant, initially places the dye between the two rollers and that Courtney, in disclosing spraying dye "on the leading side and/or trailing side" of the rollers, rendered initial placement of the dye between the rollers obvious.

The board agreed, adding:

Obviously, in both patents it is contemplated that the rollers must be subjected to considerable pressure which would inherently compress the fabric material being printed.

Appellant has presented no argument which convinces us of error in the reasoning of the examiner and board. While it is true, as appellant contends, that neither reference expressly discloses that the textile material is "deaerated" prior to the application of the dye by the doctor roller, Courtney does clearly disclose that his rollers are adjustable to roll over the stencil screen "with a downward pressure according to the depth of penetration [of the dye] required." We have considered appellant's arguments, unsupported by evidence, as to the alleged operation of the apparatus disclosed by those references in practice. In our view, however, the examiner and board have read nothing into the disclosure and operation of the references which one of ordinary skill in the art would not understand to be implicitly there. The fact that both references are foreign patents is immaterial in that regard. In re Moreton, 288 F.2d 708, 48 CCPA 875.

The decision is affirmed.

Affirmed.

SMITH, Judge, (concurring).

While I would affirm the decision of the board, my difficulty with the majority opinion is that I am unable to determine from it which of the stated rejections are affirmed,

On the present record, three distinct rejections are before the court. Error was properly assigned as to each in appellant's assignment of reasons for appeal, although appellant's brief is primarily directed to the initial two rejections. Under these circumstances it is my belief that the majority should have explicitly set forth the ground or grounds of rejection on which it relies.

A review of these rejections demonstrates the desirability of specifying the precise basis of the majority opinion for several reasons: (1) such a statement assures a careful analysis of the claims and prior art according to the applicable statutory ground of rejection thus enunciated, (2) it governs any further proceedings in the appeal, and (3) it governs further proceedings in the Patent Office should appellant decide to exercise his right to file continuation or continuation-in-part applications.

In his final rejection, the examiner considered claims 5 and 6 as "unpatentable over each of Zimmer or Courtney." The statutory ground or grounds of rejection were not set forth, nor was language used from which the statutory basis for this rejection could be determined.

In his Answer, however, the statement of that rejection is:

Claims 7 and 8 are rejected under 35 U.S.C. 102 as unpatentable over Zimmer. * * *

Claims 7 and 8 are further rejected under 35 U.S.C. 103 as unpatentable over Courtney. * * *

The board was less clear. It first stated:

* * * we find no reversible error in the Examiner's holding that the subject matter of the claims on appeal is made obvious to one ordinarily skilled in the art by the prior art.

Since the "prior art" to which the board refers is unstated, the only reasonable interpretation is that the board affirmed the examiner's rejection under 35 U.S.C. § 103 based upon the Courtney reference. In any event, no other reference was cited by the examiner in support of an "obviousness" rejection.

The board also agreed with the examiner that claims 7 and 8 are "unpatentable over Zimmer under 35 U.S.C. 102 * * *." Thus, at this point, both of the grounds of rejection explicitly stated by the examiner were affirmed.

However, the board continued:

* * * In any event, it is obvious that the rollers of Fig. 8 of Zimmer could be machine driven in the manner shown in Fig. 5 of Courtney. Likewise, the ink could be applied only between the rollers of Fig. 5 of Courtney, as taught by Zimmer, instead of being applied by means of a felt pad. Obviously, in both patents it is contemplated that the rollers must be subjected to considerable pressure which would inherently compress the fabric material being printed.

The invention, as claimed in claim 7, is directed to a process, as follows:

7. Process for the printing of textiles of great thickness such as carpets comprising disposing a screen stencil on the material to be printed, then compressing said material upon said stencil to deaerate a portion thereof immediately preceding the application of the dye and then applying the dye on said deaerated portion of the material to be treated by means of a color doctor through said screen stencil.

Appellant explains that the tendency of the long-haired or thick webs of materials to inhibit the penetration of the dye is overcome by compressing the material to be dyed along a strip in parallel with the color doctor. Appellant attributes the improved results allegedly achieved by his invention to "deaeration," and states:

Thus, the material is quasi deaerated before application of the dye so that complete penetration of the color spread by a doctor is guaranteed down to the bottom of the material.

Both of the appealed claims require compression to the point of "deaeration." Appellant here argues that the question involved is whether the references alone or in combination disclose the provision of a deaerated zone immediately before the printing roller.

In my view, the rejection of claims 7 and 8 over Zimmer under 35 U.S.C. § 102 cannot be sustained. Zimmer does not contain sufficient disclosure to "anticipate" the invention as claimed, particularly with respect to the compression effecting "deaeration" of the material.

However, it seems clear that the differences between the appealed claims and the Courtney patent are such that, under 35 U.S.C. § 103, the claimed invention, considered as a whole, would have been obvious to one of ordinary skill in the art at the time it was made. I would, therefore, affirm the decision of the board solely on this ground.